UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN D. LIPSKA,

        Plaintiff,

v.

CORRECTIONAL OFFICER NILES *et al.*,

        Defendants.

Case No.  C07-5675RJB/JKA

REPORT AND RECOMMENDATION

**NOTED FOR:
JUNE 13, 2008**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion for a temporary restraining order (Dkt. # 15).  The motion also contained a second request for appointment of counsel.  The motion for appointment of counsel was denied by separate order.  Having reviewed the file the court recommends this motion be **DENIED**.

## FACTS

This case involves alleged incidents that occurred at the Grays Harbor County Jail.  The two named defendants are both county correctional officers (Dkt. # 5, complaint).  Plaintiff is now housed at the Washington State Penitentiary and is under the custody of the Washington State Department of Corrections.

REPORT AND RECOMMENDATION
Page - 1

1  Plaintiff has been moved to the Intensive Management Unit, IMU, at the Penitentiary (Dkt # 15).
2  Plaintiff brings this motion claiming he has not received his legal material since his transfer to the IMU.
3  Plaintiff also alleges he has made "several requests" to the law library for materials and has received
4  nothing. Plaintiff asks the court enter a temporary restraining order forcing the Washington State
5  Department of Correction supply him with the Federal Rules of Civil Procedure, Washington State Local
6  Rules, and "other necessary legal documents." (Dkt # 15). Neither the State of Washington nor the
7  Washington State Department of Corrections are parties to this action. Further, no state entity was served
8  with a copy of plaintiff's motion. Counsel for the two named Grays Harbor defendants was severed with a
9  copy of the motion but has not responded.

## DISCUSSION

Plaintiff's motion should be denied for a number of reasons. First, the court does not have the proper party before it. Neither the State nor the State Department of Corrections are parties to this action, and the court lacks *in personam* jurisdiction over these entities. Second, plaintiff has not provided sufficient facts for the court to consider his motion. Plaintiff fails to inform the court how long he will be in the IMU, why he is in the IMU, what steps he has taken obtain legal material, or when he took those steps. Plaintiff also fails to inform the court if the information he is seeking is available from another source such as the IMU law library. Plaintiff's factual assertions are conclusory and lacking in specifics.

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

Plaintiff's argument meets neither standard. The plaintiff would need to provide specific facts showing a grant of his request was needed and what steps he has taken to obtain the information he claims to need.

REPORT AND RECOMMENDATION
Page - 2

1 Further, the proper party for an injunction of this nature would need to be before the court.  There is no
2 showing of injury and this issue does not touch on the merits of the litigation.  The motion should be
3 **DENIED**.  A proposed order accompanies this Report and Recommendation.
4      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
5 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R. Civ.
6 P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v.
7 Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to
8 set the matter for consideration on **June 13, 2008**, as noted in the caption.

10          DATED this 15th day of May, 2008.

                              */s/ J. Kelley Arnold*
12                            J. Kelley Arnold
                              United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3