UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN D. LIPSKA,

    Plaintiff,

  v.

CORRECTIONAL OFFICER NILES *et al.*,

    Defendants.

Case No. C07-5675RJB/JKA

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND STRIKING PLAINTIFF'S MOTION FOR SUBPOENA'S

    This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court are plaintiff's motion to compel discovery, (Dkt. # 21), and plaintiff's motion for subpoenas in which he asks the court to determine expenses, (Dkt # 25).

    The motion to compel asks the defendants to photograph "the Grays Harbor Jail Booking Room, restraining equipment used during the use of force incident against the plaintiff on 5-02-05, recording equipment that was used during the incident and capable of recording and or providing visual view to officers at the facility of the incident." (Dkt. # 21).

    Plaintiff prefaces his motion to compel by noting he is incarcerated and not capable of personally inspecting the facility. The Federal Rules of Civil Procedure do not allow a plaintiff to force the defendants to create photographs. The motion should be **DENIED.** Defendants, through counsel, objected to the discovery as beyond the scope of what is required by the Fed. R. Civ. P. Counsel is correct. To obtain photographs plaintiff would need to hire a person who could enter the premises and take the photographs

ORDER
Page - 1

for plaintiff. If the Jail refused to allow the person access to make the photographs, a motion to compel inspection and photographs would be in order.

Further, counsel notes that plaintiff did not confer with him prior to filing this motion. Local Rule 37 requires the party bringing a motion to compel to first make a "good faith effort to confer." While normally this requires a face to face meeting in the case of incarcerated persons, the court allows this effort to be made by letter. Failure to confer is an alternate ground for denial of the motion.

Plaintiff's next filing, is a request for a subpoena noting depositions for July 10, 2008. In the request plaintiff has stated "Expenses will be paid for as determined by the court." (Dkt # 25). The motion asking for signature of the subpoena should be **DENIED**. Normally a party simply requests subpoenas signed by the clerk's office. The court notes two blank subpoenas were issued based on this filing (Dkt. # 25).

Here, plaintiff is asking the court to compel attendance prior to expenses being paid. It is plaintiff's duty to pay the attendance fee plus travel expenses prior to forcing defendants to travel from Montesano Washington to Walla Walla Washington. Further, to take a deposition plaintiff would need to obtain and pay for the services of a court reporter. While plaintiff is proceeding in forma pauperis, this status does not waive the costs associated with litigation other than the filing fee. Plaintiff must pay for all other costs of litigation, including the cost of a court reporter if that is his chosen means of recording a deposition he coordinated with defendants' counsel.

The court expects the parties to confer regarding the setting of depositions. The court notes the estimated mileage from Montesano to Walla Walla according to "Mapquest" is 324.2 miles one way. Plaintiff would need to be able to pay the statutory attendance fee of ten dollars plus Three Hundred and Twenty Five-dollar travel expenses for each person he wishes to force to travel for depositions. In addition, plaintiff would need to make arraignments for a court reporter at his expense. Both motions are **DENIED.**

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 24 day of June, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge